UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LORA J. JONES,<br><br>               Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>              Defendant. | CASE NO. 15-cv-5699-JRC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States Magistrate Judge, Dkt. 6). This matter has been fully briefed (*see* Dkt. 11, 13, 14).

After considering and reviewing the record, the Court concludes that the ALJ did not err when evaluating plaintiff's claim. For example, the ALJ's finding that plaintiff's complaints to some of her providers are exaggerated when compared to her lack of

reports to other providers is a finding based on substantial evidence in the record as a whole, as is the ALJ's finding that "the record regarding the claimant's mental impairments shows that as time goes on the claimant reports additional and more elaborate symptoms than those she previously reported" (AR. 26). Plaintiff's reports of past suicide attempts went from one attempt at age 14 (2010 report); to two attempts, one at age 14 and another in 2001 (2011 report); then up to four to five attempts, with the latest being 7 years prior (2013 report) (*see* AR. 354, 411, 464).

Therefore, this matter is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff, LORA J. JONES, was born in 1968 and was 42 years old on the amended alleged date of disability onset of October 13, 2010 (*see* AR. 15, 30). Plaintiff completed ninth-grade and obtained her GED (*see* AR. 347). Plaintiff has past relevant work as a fast food worker and a cashier (AR. 30). Plaintiff was laid off from her last job as a cashier at a gas station (*see* AR. 354).

According to the ALJ, plaintiff has at least the severe impairments of "borderline personality disorder; anxiety disorder; mood disorder not otherwise specified; obesity; chronic kidney stones/urinary tract infections; alcohol and cannabis abuse; and ovarian cysts (20 CFR 404.1520 (c) and 416.920 (c))" (AR. 18).

At the time of the hearing, plaintiff was living with her husband (*see* AR. 43, 464).

1

PROCEDURAL HISTORY

2

Plaintiff's applications for disability insurance ("DIB") benefits pursuant to 42

3

U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42

4

U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and

5

following reconsideration (*see* AR. 15). Plaintiff's requested hearing was held before

6

Administrative Law Judge Michael Gilbert ("the ALJ") on July 24, 2013 (*see* AR. 38-

7

98). On May 29 2014, the ALJ issued a written decision in which the ALJ concluded that

8

plaintiff was not disabled pursuant to the Social Security Act (*see* AR 12-37).

9

10

In plaintiff's Opening Brief, plaintiff raises the following issues:   (1) whether or

11

not the ALJ gave legally sufficient reasons for rejecting the opinion of plaintiff's

12

examining physicians regarding her mental health condition; (2) whether or not the ALJ

13

erred by assigning controlling weight to the opinion of a non-examining physician; (3)

14

whether or not the ALJ erred in his evaluation of the opinion from a non-examining

15

doctor; and (4) whether or not the ALJ met his burden at step five of the sequential

16

evaluation process (*see* Dkt. 11, p. 1).

17

STANDARD OF REVIEW

18

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's

19

denial of social security benefits if the ALJ's findings are based on legal error or not

20

supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d

21

1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir.

22

1999)).

23

24

## DISCUSSION

**1.      Whether or not the ALJ gave legally sufficient reasons for rejecting the opinion of plaintiff's examining physicians regarding her mental health condition.**

Plaintiff contends that the ALJ erred by rejecting certain medical opinions from examining doctors (*see* Dkt. 11, pp. 3-12). Defendant contends that there was no error.

When an opinion from an examining doctor is contradicted by other medical opinions, the examining doctor's opinion can be rejected only "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)); *see also* 20 C.F.R. §§ 404.1527(a)(2) ("Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions").

   a.  Dr. Daniel M. Neims, Psy.D., examining doctor

Dr. Neims evaluated plaintiff on October 13, 2010 (*see* AR. 347-65). As noted by the ALJ, plaintiff reporting having historical diagnoses of posttraumatic stress syndrome and borderline personality disorder and she "detailed issues of emotional lability and patterns of self-mutilation," as well as reporting "problems with sleep, cognitive rumination and brooding, intrusive memories of past trauma with efforts to avoid such, withdraw, and hypervigilance" (AR. 25 (citing AR. 347-65); *see also* AR. 345, 354-55). As noted by the ALJ, plaintiff reported a suicide attempt at age 14, but denied paranoid

delusion and auditory or visual hallucinations (*see id.;* AR. 354). Dr. Neims opined that plaintiff suffered from numerous marked limitations (AR. 29, 351).

The ALJ failed to credit fully the opinions of Dr. Neims for various reasons (*see* AR. 29). For example, the ALJ found that plaintiff's "complaints to Dr. Neims are exaggerated when compared to her lack of reports to providers" (*see id.*). The ALJ also found that plaintiff's "presentation during Dr. Neims' evaluation is not consistent with her presentation at appointments where she is not attempting to qualify for benefits" (*id.*). The ALJ notes that when being evaluated by Dr. Neims plaintiff's "affect was labile with patterns of dramatic lability and increasing rambling discussions, however at visits with providers before and after the evaluation with Dr. Neims, [plaintiff's] mood and affect were normal" (*id.* (citing AR. 286 (7/26/2010 reflects assessments of normal mood and affect), AR. 397 (12/7/2010 reflects assessments of normal mood and affect)) (internal citation omitted); *see also* AR. 354).

These findings by the ALJ are supported by substantial evidence in the record. For example, two different assessments of plaintiff indicated that her mood and affect were normal both three months before and two months after the evaluation from Dr. Neims (*see* AR. 286 (7/26/2010 reflects assessments of normal mood and affect), AR. 397 (12/7/2010 reflects assessments of normal mood and affect)). Plaintiff's contention that these other notations were not as detailed as the observations of Dr. Neims misses the point: When plaintiff's mood and affect are assessed as normal, there is nothing to detail. Plaintiff presented at these two treatment appointments with normal mood and affect, while she presented at the evaluation with Dr. Neims with a very different mood and

affect. Therefore, the ALJ's finding that plaintiff's "presentation during Dr. Neims' evaluation is not consistent with her presentation at appointments where she is not attempting to qualify for benefits" is supported by this substantial evidence in the record (*see* AR. 29).

Although plaintiff complains that she presented only with physical complaints at these assessments, and was not being evaluated specifically for mental impairments, this fact actually goes both ways, in that it supports the other finding by the ALJ that plaintiff's psychological "complaints to Dr. Neims are exaggerated when compared with her lack of reports to providers" (AR. 29). The numerous psychological complaints that plaintiff provided to Dr. Neims were not mentioned to her treatment providers. Furthermore, even though these other treatment providers evaluated plaintiff only in the context of physical complaints, these consistent opinions that plaintiff's mood and affect were normal provide substantial evidence in the record as a whole for the ALJ's finding that plaintiff's "presentation during Dr. Neims' evaluation is not consistent with her presentation at appointments where she is not attempting to qualify for benefits" (*id.*). Similarly, these treatment records also support the ALJ's finding that although plaintiff detailed numerous psychological issues with Dr. Neims, she did not report any such issues when seeing treatment providers.

Based on the record as a whole, and for the reasons stated, the Court concludes that these findings are based on substantial evidence in the record as a whole.

So, too, is the finding by the ALJ that "the record regarding the claimant's mental impairments shows that as time goes on, the claimant reports additional and more

elaborate symptoms than those she previously reported" (AR. 26). For example, as noted by the ALJ, when being examined by Dr. Lemberg on August 26, 2013, plaintiff "reported psychotic symptoms, such as seeing spirits and that a man yells obscenities at her, however, when she was evaluated by Dr. Neims in October 2010, she did not report these symptoms" (AR. 27 (citing AR. 358, 463-64) (internal citation omitted)). Similarly, this finding also is supported by another aspect of the treatment record demonstrating that although plaintiff reported to Dr. Neims that she had one suicide attempt at the age of 14, plaintiff reported to Dr. Brian VanFossen, PhD, on December 8, 2011 that she had two suicide attempts, one at age 14 and one at age 21 (*see* AR. 26, 411), and reported to Dr. Mary Lemberg, M.D., on August 26, 2013 "that she had 4-5 suicide attempts since the age of 14, with the last one being seven years ago" (AR. 26, 463).

For the reasons stated and based on the record as a whole, the Court concludes that the ALJ provided specific and legitimate reasons based on substantial evidence in the record as a whole for his failure to credit fully the medical opinions of Dr. Neims.

b.  Dr. Mary Lemberg, M.D., examining doctor

Dr. Lemberg evaluated plaintiff on August 26, 2013 and opined that plaintiff was not capable of sustaining work activities due to her social and occupational difficulties (*see* AR. 29, 462-69). However, the ALJ gave only little weight to the opinions of Dr. Lemberg (AR. 30). The ALJ found that "Dr. Lemberg's opinion was based in part on the claimant's reports, which are inconsistent with her reports elsewhere and are thus not credible" (*id*.). The ALJ provided an example, noting that plaintiff "told Dr. Lemberg that she had 4-5 suicide attempts since the age of 14 with the last one occurring seven years

earlier, however, on October 2010, the claimant reported only one suicide attempt at age 14, [while] in December 2011, she reported a suicide attempt at age 14 and another one at age 21" (*id.* (citing AR. 354, 411, 464) (internal citations omitted)). The ALJ also relied on the fact that "on exam with Dr. Lemberg the claimant reported psychotic symptoms, such as seeing spirits and that a man yells obscenities at her, however, when she was evaluated by Dr. Neims in October 2010, she did not report these symptoms" (*id.* (citing AR. 358, 463-64)).

The Court concludes that the ALJ's finding that plaintiff's reports to Dr. Lemberg were inconsistent with her reports elsewhere and thus were not credible is a finding based on substantial evidence in the record as a whole. The Court also concludes that this is a specific and legitimate reason for failing to credit fully the opinions of Dr. Lemberg.

For the reasons stated and based on the record as a whole, the Court concludes that the ALJ provided specific and legitimate reasons based on substantial evidence in the record as a whole for his failure to credit fully the medical opinions of Dr. Lemberg.

c.  Dr. Brian VanFossen, Ph.D., examining doctor

Dr. VanFossen examined plaintiff on December 8, 2011 (*see* AR. 408-15). He opined that plaintiff suffered from a severe impairment and that it was likely "very difficult for her to work with others, develop social network, etc." (AR. 412).

The ALJ gave little weight to the opinion of Dr. VanFossen (AR. 29). In part, the ALJ relied on the fact that plaintiff's "presentation during Dr. VanFossen's evaluation is not consistent with her presentation at appointments where she is not attempting to qualify for benefits" (*id.*). The Court already has discussed and found appropriate the

ALJ's finding that plaintiff's presentation when attempting to qualify for benefits is not consistent with her presentation to treatment providers, *see supra*. The ALJ also relied on the fact that Dr. VanFossen rated plaintiff's insight and judgment as fair to poor, "yet noted that her response to the hypothetical regarding a fire in a crowded theater was 'find the nearest exits, alert other people to the danger, probably someone in management, tell others as heading out'" (*id*. (citing AR. 413)). In contrast to Dr. VanFossen's opinion, plaintiff's response to this hypothetical situation appears to reflect appropriate insight and judgment and "incongruity between a doctor's medical opinion and treatment notes is a specific and legitimate reason to discount that doctor's opinion." *Mitchell v. Colvin*, 2015 U.S. Dist. LEXIS 31966 at *13 (D. Ariz. 2015) (unpublished opinion) (citing *Tomasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008)). Therefore, the Court concludes that the ALJ's finding that this rating by Dr. VanFossen of plaintiff's insight and judgment is inconsistent with her normal response to the hypothetical is based on substantial evidence in the record and supports the ALJ's failure to credit fully Dr. VanFossen's opinion. *See id.*

      The ALJ's findings are based on substantial evidence in the record as a whole and entail specific and legitimate reasons for failing to credit fully the opinion of Dr. VanFossen. The Court finds no error.

      Plaintiff also contends that the ALJ erred by not including further restriction in the plaintiff's RFC on the basis of her GAF scores (*see* Dkt. 11, p. 10). However, the ALJ discussed the various GAF scores provided by Drs. Neims, VanFossen, and Lemberg, and provided reasons as to why all of the opinions by these doctors were not given more

weight (*see* AR. 29-30). The Court already has concluded that the ALJ did not err in failing to credit fully these medical opinions, and similarly, the Court concludes that there is no error in the ALJ's evaluation of their opinions regarding plaintiff's GAF score. The ALJ did not err in his evaluation of this medical evidence.

### 2. Whether or not the ALJ erred by assigning controlling weight to the opinion of a non-examining physician.

Plaintiff complains that the ALJ erred by relying on the opinion of a non—examining doctor to support his residual functional capacity ("RFC") assessment when this opinion is not consistent with the opinions of plaintiff's examining doctors (Dkt. 11, pp. 12-14). Defendant contends that there is no error.

A non-examining physician's or psychologist's opinion may not constitute substantial evidence by itself sufficient to justify the rejection of an opinion by an examining physician or psychologist. *Lester, supra*, 81 F.3d at 831 (citations omitted). However, "it may constitute substantial evidence when it is consistent with other independent evidence in the record." *Tonapetyan v. Halter,* 242 F.3d 1144, 1149 (9th Cir. 2001) (citing *Magallanes v. Bowen*, 881 F.2d 747, 752 (9th Cir. 1989)).

Here, the ALJ gave significant weight to the opinion of non-examining doctor, Dr. Michael L Brown, PhD, because the ALJ found that his opinion "is consistent with the observations of the claimant's providers, her performance on mental status examination, her lack of treatment for symptoms, and her activities" (AR. 28-29). For the reasons discussed herein, the Court concludes that the ALJ's finding that Dr. Brown's opinion is consistent with other independent evidence in the record is based on substantial evidence

in the record as a whole. Therefore, the ALJ did not err by relying on Dr. Brown's opinion. *See Tonapetyan, supra,* 242 F.3d at 1149 (citing *Magallanes*, *supra,* 881 F.2d at 752).

For example, regarding plaintiff's lack of treatment for psychological symptoms, as noted by the ALJ, on October 13, 2010 plaintiff "detailed issues of emotional lability and patterns of self-mutilation," as well as "problems with sleep, cognitive rumination and brooding, intrusive memories of past trauma with efforts to avoid such, withdraw and hypervigilance" when she was being evaluated for eligibility for medical benefits (AR. 25 (citing AR. 354-55)). However, less than three months earlier, when seeking treatment for physical complaints, plaintiff did not complain of any psychological issues and presented with normal mood and affect (*see* AR. 286, 287 (7/26/10 ER visit indicates physical complaints, and under "other problems," no psychological complaints are listed)). Similarly, less than two months after her psychological evaluation for eligibility for medical benefits when she alleged numerous psychological issues, on December 7, 2010, when presenting to a clinic for treatment for multiple complaints, although her past medical history indicates "anxiety disorder since the early 1970s," plaintiff did not indicate that she was experiencing any psychological symptoms at that time and her assessment indicated that she was "negative or unremarkable for . . . . Psychiatric systems" (*see* AR. 396). Again, objective evaluation of plaintiff indicated "normal speech [and] normal mood and affect" (*id.*). Therefore, based on the record as a whole, the Court concludes that the ALJ's finding that plaintiff demonstrated a lack of treatment for her alleged psychological symptoms is based on substantial evidence in the record as a

whole. The Court also concludes that this finding provides other independent evidence in the record consistent with and supporting the medical opinion from, non-examining doctor, Dr. Brown.

Similarly, plaintiff's performance on mental status examinations ("MSE") is consistent with the opinion from Dr. Brown. For example, Dr. Neims observed that plaintiff could spell "world" forward and backward, and demonstrated intact performance on serial threes and serial sevens (*see* AR. 357). She also demonstrated consistent forward and backward digit span of at least four, the ability to recall three objects immediately and after a five minute delay, intact recall of well-known social events, and no evidence of short-term or long-term memory impairment (*see* AR. 358). Similarly, her MSE with Dr. VanFossen revealed cooperative attitude and behavior demonstrating that she "responds well to redirection" (*see* AR. 413). Again, her remote memory was adequate and her concentration demonstrated serial subtractions of more than five out of five, the ability to spell "world" forward and backward, and the ability to comply with a three step command (*see id*.). Likewise, when Dr. Lemberg performed her MSE on August 26, 2013, plaintiff again demonstrated intact remote memory, intact forward and backward digit span, intact ability to follow a three step command and spell the word "world" forward and backward, and she received "a score of 5/5 on serial 7s with ease" (*see* AR. 467). The Court concludes that the ALJ's finding that Dr. Brown's opinion was consistent with plaintiff's MSEs is a finding based on substantial evidence in the record as a whole.

Based on the record as a whole, and for the reasons stated, the Court concludes that the ALJ's finding that Dr. Brown's opinion is consistent with other independent evidence in the record is based on substantial evidence in the record as a whole. The Court also concludes that the opinion of Dr. Brown was properly relied on by the ALJ, and entails substantial evidence in the record for the ALJ's rejection of the opinions of plaintiff's examining doctors. *See Tonapetyan, supra*, 242 F.3d at 1149 (citing *Magallanes*, *supra,* 881 F.2d at 752); *see also Lester, supra*, 81 F.3d at 831 (citations omitted). The Court finds no error in ALJ's reliance on the opinion of Dr. Brown.

**3.   Whether or not the ALJ erred in his evaluation of the opinion from a non-examining doctor.**

Plaintiff also contends that the ALJ erred by providing significant weight to Dr. Brown's opinion but not including more limitations regarding concentration in plaintiff's RFC.

According to Social Security Ruling ("SSR") 96-8p, a residual functional capacity assessment by the ALJ "must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." *See* SSR 96-8p, 1996 SSR LEXIS 5 at *20. However, here, it does not appear that the RFC assessment conflicts with the opinion from Dr. Brown. Although Dr. Brown opined that plaintiff suffered from moderate limitations with respect to concentration, the ALJ adopted this finding and concluded that plaintiff suffered from moderate difficulties with respect to concentration, persistence or pace (*see* AR. 19, 28, 135).

Dr. Brown reviewed plaintiff's records and opined that "there is no evidence to suggest that [plaintiff] is not capable of simple or complex work activities, but would be limited by symptoms affecting her concentration" (AR. 135). The ALJ gave the opinion of Dr. Brown significant weight (AR. 28). In addition, the ALJ credited the opinion of Dr. Brown that plaintiff was capable of simple work activities, despite her moderate limitation regarding concentration, and limited her to such simple work activities in the RFC (*see* AR. 20).

The Ninth Circuit Court found no error in the situation presented in *Stubbs-Danielson*, in which a claimant had complained that a moderate limitation as to pace was not accommodated into the RFC because the ALJ in *Stubbs-Danielson* had included the consultant's opinion from the narrative portion of a limitation to simple tasks into the RFC. *See Stubbs-Danielson, supra,* 539 F.3d at 1173-74. Here, similarly, Dr. Brown opined that "there is no evidence to suggest that [plaintiff] is not capable of simple or complex work activities . . . ." despite her moderate limitation in concentration (AR. 135). Furthermore, the lack of further restriction other than a limitation to simple, routine, repetitive tasks is supported by plaintiff's MSE results documented above, *see supra,* section 2. As noted previously, plaintiff's performance on concentration tasks such as spelling "world" forward and backward, serial 3s and serial 7s, and digit span was intact on October 13, 2010 (AR. 357-58) and Dr. Neims opined that plaintiff did not suffer from any significant interference in her ability to learn new tasks or in her ability to understand, remember and follow complex instructions (*see* AR. 351). Similarly, on evaluation by Dr. VanFossen on December 8, 2011, plaintiff again demonstrated more

than five out of five performance on serial subtractions, her ability to spell "world" forward and backward, and successfully completed a three step command (AR. 413-14). Finally, in her MSE with Dr. Lemberg on August 6, 2013 plaintiff again correctly followed a three step command, spelled the word "world" "backwards with a score of 5/5," and received "a score of 5/5 on serial 7s with ease" (AR. 467). Based on the record as a whole and for the reasons stated, the Court concludes that the ALJ did not err regarding the incorporation of the opinion of Dr. Brown into plaintiff's RFC

    **4.**      **Whether or not the ALJ met his burden at step five of the sequential evaluation process.**

Although plaintiff contends that the ALJ erred at step five of the sequential evaluation process, plaintiff does not include any new independent arguments in support of this contention (*see* Dkt. 11, p. 14). The Court already has assessed all of plaintiff's arguments and finds no error.

### CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

**JUDGMENT** should be for defendant and the case should be closed.

Dated this 31st day of May, 2016.

_____
J. Richard Creatura
United States Magistrate Judge